103 F.3d 130
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Miriam L. LINDSAY, Plaintiff-Appellant,
v.
CITY OF PONTIAC, (DEPARTMENT OF POLICE); Michael McMillen,
Police Officer; Robert Holewinski, Police Officer; Robert
Ford, Police Officer; Janice Leak, Police Officer; John
Naples Roe, Police Officer, Defendants-Appellees.
 No. 95-2196.
 United States Court of Appeals, Sixth Circuit.
 Dec. 5, 1996.
 
 Before: MERRITT, KENNEDY, and GUY, Circuit Judges.
 
 ORDER
 
 1
 Miriam L. Lindsay, a pro se Michigan resident, appeals a district court judgment dismissing her civil rights action filed pursuant to 42 U.S.C. § 1983. Lindsay also alleged multiple state tort claims. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Seeking monetary relief, Lindsay sued the City of Pontiac, Michigan, its police department, and multiple police officers contending that the police assaulted her and subjected her to false arrest and imprisonment. Although originally filed in state court, the action was subsequently removed to federal court.
 
 
 3
 The complaint concerned two events which occurred on February 3, 1991. The first incident concerned a dispatch to Lindsay's home where she was found talking to herself and threatening others with a baseball bat. When confronted by the police, Lindsay admitted to having been hospitalized for a psychological condition. Lindsay was subsequently taken by police to a local hospital for evaluation.
 
 
 4
 Later that day, after she had been released from the hospital, Lindsay returned to her home where she called the police regarding a disturbance between her daughter and a neighbor's daughter. After the police arrived, Lindsay was arrested for disorderly conduct. The charges were dropped after Lindsay agreed not to sue the city or any of its police officers.
 
 
 5
 The defendants moved for summary judgment. Lindsay, through counsel, never submitted any evidence opposing defendants' motions. Therefore, the district court granted summary judgment to the defendants.
 
 
 6
 In her timely appeal, Lindsay's pro se brief is construed as arguing that her Fourth, Fifth, and Sixth Amendment rights were violated by the defendants' conduct. Lindsay has moved for the appointment of counsel and a transcript.
 
 
 7
 This court's review of a grant of summary judgment is de novo. See EEOC v. University of Detroit, 904 F.2d 331, 334 (6th Cir.1990). Summary judgment is proper if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. See Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).
 
 
 8
 As to Lindsay's first contact with the police, the undisputed facts establish that Lindsay voluntarily went to the local hospital for a psychological evaluation. Therefore, Lindsay's constitutional rights were not violated. See, e.g., United States v. Dunson, 940 F.2d 989, 994 (6th Cir.1991), cert. denied, 503 U.S. 941 (1992).
 
 
 9
 As to Lindsay's arrest, because she expressly agreed not to sue the defendants in exchange for the dismissal of her criminal charges, Lindsay has waived her right to bring any action against the defendants concerning the arrest. See Newton v. Rumery, 480 U.S. 386, 393-98 (1987).
 
 
 10
 Accordingly, we deny the requests for relief and affirm the district court's judgment. Rule 9(b)(3), Rules of the Sixth Circuit.